UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABINO MURRIETA SANDOVAL (A-246-061-076),<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION CENTER, et al.,<br>Respondents. | Case No. 1:26-cv-02197 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Sabino Murrieta Sandoval (A-246-061-076), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his detention violates his due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA"). (Id. (claims one and two).) On March 23, 2026, the district court granted petitioner's motion for a temporary restraining order/ preliminary injunction and ordered petitioner released. (ECF No. 9.) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every

individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[1]

On March 20, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On March 20, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in Quichimbo-Jimenez v. Warden, California City Correctional Center, No. 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), and other similar cases previously decided by the district court. (ECF No. 4.) On March 21, 2026, respondents filed an opposition to the motion for a temporary restraining order and response to the petition, and indicated they were amenable to converting the motion into a motion for a preliminary injunction. (ECF No. 7.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2), but also acknowledged that this case does not appear to present any facts distinguishing it substantively from the cases identified by the district court. (Id.) Petitioner filed a reply on March 22, 2026. (ECF No. 8 (citing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026).)

---

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 9.)

On March 23, 2026, the district court noted respondents' acknowledgment that there are no factual or legal issues in this case that render this case distinct from the cases cited in the March 20, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (ECF No. 9.) The district court rejected respondents' reliance on Buenrostro-Mendez. (See id.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from "re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Where the parties have already submitted merits briefing, briefing is closed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez and where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226(a), not § 1225(b)(2) as respondents argued (claim two), and that respondents violated petitioner's Fifth Amendment due process rights by detaining him without a hearing (claim one). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 9.

Petitioner also brings a third claim for attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 5.) This is not a proper habeas claim, and the Court therefore declines to address it. Petitioner may file a post-judgment motion for attorney's fees and costs under the Equal Access to Justice Act.

## III. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted

on petitioner's statutory and due process claims (claims one and two).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Sabino Murrieta Sandoval (A-246-061-076) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sand.2197.26.frs